UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| DEMECO HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 23-4079 |
| | ) | |
| MICHAEL WILLIAMS, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW ORDER

Plaintiff, proceeding pro se and presently incarcerated at Hill Correctional Center, was granted leave to proceed *in forma pauperis*. The case is now before the Court for a merit review of Plaintiff's claims. Plaintiff's Motion for Leave to File Amended Complaint (Doc. 8) is granted. Fed. R. Civ. P. 15(a).

The Court must "screen" Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that prison officials housed him in a cell with a broken window for 20 days during November 2022. Plaintiff alleges that a two-inch gap around the window permitted

cold air to enter the cell, that prison officials did not turn up the heat, and that he had limited clothing. Plaintiff alleges that officials failed to remedy the issue until the day before he was moved from the cell.

Plaintiff states an Eighth Amendment claim for inhumane conditions of confinement against Defendants Duffield and John Doe Nos. 1-3. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008). Plaintiff does not allege how Defendants Williams and Baker were responsible for these deprivations, and he cannot sue these individuals just because they were in charge. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Court finds that Plaintiff fails to state a claim against these defendants, and they will be dismissed accordingly.

### Plaintiff's Motion to Amend Complaint (Doc. 9)

Plaintiff seeks to correct the first name of Defendant Williams. Plaintiff did not attach a proposed amended complaint. The Court does not accept piecemeal amendments, and any relief regarding Defendant Williams is moot. Plaintiff's motion is denied.

### Plaintiff's Motion to Request Instruction (Doc. 10)

Plaintiff states that Hill Correctional Center does not currently have a law librarian on staff, and that officials are not distributing court documents sent via the electronic filing system. He seeks an order directing officials to do so.

The Court is aware of the situation regarding the law library at Hill and its effect on the e-filing system. The Court is currently sending all court orders via U.S. Mail to inmates at that facility until further notice. Plaintiff's motion is denied.

**Plaintiff's Motion to Request Counsel (Doc. 5)[1]**

Plaintiff has no constitutional or statutory right to counsel in this case. In considering the Plaintiff's motion, the court asks: (1) has the indigent Plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has not shown that he made a reasonable effort to obtain counsel on his own. A plaintiff usually does this by attaching copies of letters sent to attorneys seeking representation and copies of any responses received. Because Plaintiff has not satisfied the first prong, the Court does not address the second. Plaintiff's motion is denied with leave to renew.

**IT IS THEREFORE ORDERED:**

**1.     Plaintiff's Motion for Leave to File Amended Complaint [8] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.**

**2.     Pursuant to its merit review of the Amended Complaint under 28 U.S.C. § 1915A, the court finds that the plaintiff states an Eighth Amendment claim for inhumane conditions of confinement against Defendants Duffield and John Doe Nos. 1-3. Any additional claims shall not be included in the case, except at the court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.**

**3.     This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the court.**

**4.     The court will attempt service on the defendants by mailing each defendant a waiver of service. The defendants have 60 days from the date the waiver is sent to file an answer. If the defendants have not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of**

---

[1] Plaintiff attached a duplicate motion to request counsel to his motion for leave to file an amended complaint. *See* (Doc. 8 at 13-14). The motions do not differ in substance.

service. After the defendants have been served, the court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the clerk. The plaintiff must mail his discovery requests and responses directly to defendants' counsel. Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendants shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

      **12.**    **The clerk is directed to terminate Defendants Williams and Baker as defendants.**

      **13.**    **The clerk is directed to attempt service on Nicolette Duffield pursuant to the standard procedures.**

      **14.**    **Plaintiff's Motions [9][10] are DENIED.**

      **15.**    **Plaintiff's Motion [5] is DENIED with leave to renew.**

Entered this 10th day of October, 2023.

                                          *s/Sara Darrow*
                                          SARA DARROW
                                          CHIEF U.S. DISTRICT JUDGE